IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
07/07/2011

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| DONALD R. GUILLOT and, | ) CASE NO. 07-31886-H3-13 |
| ANGELIA S. GUILLOT, | ) |
| | ) |
| Debtors, | ) |
| | ) |

<u>MEMORANDUM OPINION</u>

The court has held an evidentiary hearing on the "Amended Bankruptcy Rule 2016(b) Disclosure and Fee Application" (Docket No. 144) filed by Macey & Aleman, LLP ("Applicant"). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Donald R. Guillot and Angelia S. Guillot ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 16, 2007. William E. Heitkamp is the Chapter 13 Trustee.

The petition in the instant case was signed by Linsy Joseph, who was then an attorney with Applicant. With the petition, Joseph filed a disclosure of compensation, indicating

that Applicant had agreed to accept $0.00 from Debtors for representing them, had received $0.00, and that a balance of $0.00 was due.  The disclosure of compensation provides, in part:

> In return for the above disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
>
> a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
>
> b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
>
> c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
>
> d. [Other provisions as needed]
>
> Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed.

(Docket No. 1, at p. 34).

On April 16, 2007, Joseph moved to withdraw, asserting that Debtors are clients of Applicant, and that Joseph was no longer employed by Applicant.  Joseph's motion was granted, by order entered on May 11, 2007 (Docket No. 24).

Although the order permitting Joseph to withdraw did not address representation of the Debtors after her withdrawal, on May 11, 2007, the same date the order was entered permitting Joseph to withdraw, James T. Ferguson, who was then an attorney with Applicant, began filing pleadings on behalf of Debtor. (Docket No. 23).

On September 28, 2009, after the plan in the instant case had been confirmed and modified, Ferguson moved to withdraw, asserting that Debtors are clients of Applicant, and that Ferguson was leaving Applicant effective on October 1, 2009. Ferguson stated in the motion that Martin Pack, an attorney with Applicant, would continue to represent Debtors. (Docket No. 114). Ferguson's motion to withdraw was granted, by order entered on October 28, 2009.

Pack filed a notice of appearance on behalf of Debtors on September 25, 2009, three days before Ferguson moved to withdraw. On March 3, 2010, Pack moved to withdraw, again asserting that Debtors are clients of Applicant, and moved to substitute Michael L. Weems, an attorney with Applicant, as Debtors' attorney. (Docket NO. 129). Pack's motion was granted, by order entered on March 30, 2010 (Docket No. 130).

Weems apparently filed no pleadings on Debtors' behalf. On June 4, 2010, Debtors filed a motion to substitute both Deborah A. Stencel and Terena S. Molo as Debtors' attorneys of record, noting that Weems had left applicant on May 15, 2010. (Docket No. 132). Molo's address, as shown in the motion, was located in Houston, Texas, and was the same as the address listed for Ferguson, Pack, and Weems during their representation of Debtors. Stencel's address, as shown in the motion, was in Chicago, Illinois. (Docket No. 132).

The court set the motion to substitute Stencel and Molo as Debtors' attorneys for hearing, in light of their failure to designate an attorney in charge. At the hearing, held on August 12, 2010, both Stencel and Molo appeared, and Stencel announced that she was the attorney in charge. An order was entered the same day granting the motion to substitute Stencel and Molo as Debtors' attorneys. (Docket No. 135).

On January 27, 2011, Applicant moved to substitute Nosa Aduwa in place of Molo as Debtors' attorney. In the motion, Applicant stated that Molo had left Applicant on November 11, 2010. The motion did not address Stencel's involvement in the case. (Docket No. 138). The motion to substitute Aduwa in place of Molo was granted, by order entered on February 22, 2011. (Docket No. 139).

On May 16, 2011, Stencel moved to withdraw from representation of Debtors, asserting that Debtors are clients of Applicant, and she was leaving Applicant on May 27, 2011. Noting Aduwa's appearance on behalf of Debtors, Stencel asserted that no substitution was required. (Docket No. 148). Stencel's motion to withdraw was granted, by order entered on June 9, 2011.

On April 1, 2011, Tiffany Pratt, stating she was "Debtors' counsel on behalf of Macey & Aleman, LLP," filed a fee application. (Docket No. 141). She filed the instant application, which amends the application at Docket No. 141, on

April 13, 2011.  (Docket No. 144).

The instant application is six pages in length, titled "Amended Bankruptcy Rule 2016(b) Disclosure and Fee Application." It contains a cover sheet, asserting that Applicant is entitled to a "$3,500 no look fee + $400 modification fee + $450 modification fee."  It reflects a billing of 19.8 hours of attorney time, billed at an average rate of $250 per hour, and 4.6 hours of paraprofessional time, billed at an average rate of $80 per hour.

The remainder of the form of the instant application tracks the form of a "Bankruptcy Rule 2016(b) Disclosure and Application for Approval of Fixed Fee Agreement," a form which appears on the court's web site.

The instant application is accompanied by what purports to be Applicant's time records.  The two page document has four columns:  date, type, attorney time, and paralegal time.  The time records submitted do not identify which attorney or paralegal performed the services, and do not address the necessity for such services.[1]

---

[1] The services identified appear to include an initial consultation, calls between Applicant's attorneys and paralegals and Debtors, attendance at the meeting of creditors, one amendment of schedules, one hearing on the Chapter 13 Trustee's motion to dismiss, representation on two motions for relief from stay and two motions to modify, as well as a motion for review of an adjustment to Debtors' mortgage payment.

5

At the hearing on the instant application, Pratt appeared and testified in support of the instant application. Pratt testified that she miscalculated the fee sought. She testified that Applicant is seeking a total fee of $5,318, of which Debtor has previously paid $1,663.

Pratt testified that Joseph had one year experience when she worked on the case; Ferguson had many years; Pack, Weems, and Molo each had 2-3 years, and Stencel and Aduwa each had 8-10 years experience.

The court's review of the online records of the State Bar of Texas indicates that Joseph was licensed in May, 2006; Ferguson in November, 1991; Pack in May, 2006; Weems in November, 2008; Molo in December, 2007; Aduwa in December, 2009; and Pratt in November, 2009. Stencel is not listed as licensed in Texas.

Pratt testified that she had access to the initials of each of the attorneys who worked on the case. Those initials do not appear in the time records submitted to the court. She testified that she obtained information from Applicant's electronic timekeeping system, and prepared the time records submitted to the court.[2]

---

[2]There is no indication that Pratt is the custodian of Applicant's business records.

## Conclusions of Law

Under Section 330(a)(4)(B), the court may allow to counsel for an individual debtor in a Chapter 13 case "reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section."  11 U.S.C. § 330(a)(4)(B).

The other factors set forth in § 330 include:

> [T]he nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

Bankruptcy Rule 2016(a) requires that an entity seeking allowance of compensation file an application setting forth "a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested."  Rule 2016(b), Fed. R. Bankr. P.

Bankruptcy Local Rule 2016(d) governs the filing of fee applications in Chapter 13 cases.  It provides:

>   (d) Chapter 13 debtor's attorneys may seek attorneys' fees on a fixed fee basis or a lodestar basis as follows:
>
>>   (1) Fixed fee agreements must be filed within 21 days of the petition date and be in the form promulgated from time-to-time by the Bankruptcy Court.
>>
>>   (2) Lodestar applications must include (A) a cover sheet in the form promulgated from time-to-time by the Bankruptcy Court, (B) attached, detailed, contemporaneous time records; (C) a statement setting forth the basis of the retention (i.e., whether the retention was on a fixed or hourly fee basis and any other pertinent details); and (D) a narrative description setting forth any unique, unusual or time consuming issues particular to the chapter 13 case. A copy of the lodestar fee application, with required attachments, must be sent to the court's case manager.

BLR 2016(d).

In the instant case, there was no fixed fee agreement filed within 21 days of the petition date.[3] Thus, the court must consider the instant application under the lodestar provisions. The term "lodestar" is used in the Bankruptcy Local Rules of the Southern District of Texas based on the Fifth Circuit's opinions adopting the lodestar method for calculation of a reasonable fee.

---

[3]The adoption of BLR 2016(d) placed into the Bankruptcy Local Rules the practice of the court that had been adopted in General Order 2004-5. General Order 2004-5 provided that an application for a fixed fee would be considered under Section 328 of the Bankruptcy Code. That section limits the court's review of fees to "developments unforeseen when originally approved." In re National Gypsum Co., 123 F.3d 861 (5th Cir. 1997). Thus, it is important that an application for approval of a fixed fee agreement in a Chapter 13 case be considered at or near the inception of the case.

The court computes the lodestar by multiplying the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community.  The court then may adjust the lodestar up or down based on the factors contained in Section 330 and its consideration of the factors listed in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974).[4]  <u>In re Cahill</u>, 428 F.3d 536 (5th Cir. 2005).

In the instant application, there is nothing addressing the benefit or necessity of the services to the Debtors, and insufficient information to allow the court to reach a conclusion as to whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed.

Moreover, based on Pratt's testimony, the disclosure of compensation filed by Linsy Joseph is false.  Bankruptcy Rule 2016(b) provides:

> Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days

---

[4]The Johnson factors are:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

> after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

Rule 2016(b), Fed. R. Bankr. P.

Section 329(a) of the Bankruptcy Code requires that any attorney representing a debtor file a statement:

> of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a).

Pratt testified that Debtors had paid $1,663, but Applicant never disclosed any payment prior to the filing of the application (amended by the instant application) filed on April 1, 2011, more than four years after the petition date. Additionally, the disclosure of compensation filed by Joseph does not indicate that Debtors intended to pay Applicant anything for its services. The court concludes that the instant application is not sufficient for the court to allow any compensation at this time. Whether or not Applicant seeks further compensation, Applicant must accurately disclose any compensation paid or

10

agreed to be paid from the inception of the case.  If Applicant seeks further compensation, it must file a traditional lodestar application, identifying for each service rendered the date, the person who rendered service, the amount of time spent, and the fee charged.  Any such application must contain sufficient information to allow the court to assess the benefit and necessity of the services under Section 330(a)(4)(B), and must comply with Bankruptcy Rule 2016(a) and Bankruptcy Local Rule 2016(d).  The court concludes that the instant application should be denied without prejudice.

      Signed at Houston, Texas on July 7, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

11